KAMIE F. BROWN (8520)
MATTHEW M. CANNON (11265)
AARON C. HINTON (16840)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
P. O. Box 45385
Salt Lake City, UT 84145-0385
Tel: (801) 532-1500
kbrown@rqn.com
mcannon@rqn.com
ahinton@rqn.com

ARTHUR E. BROWN (*pro hac vice*)
ALEXANDER COUSINS (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019-9710
Tel: (212) 836-8000
arthur.brown@arnoldporter.com
alexander.cousins@arnoldporter.com

SAMUEL I. FERENC (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Avenue, NW
Washington, DC 20001-3743
Tel: (202) 942-5000
sam.ferenc@arnoldporter.com

*Attorneys for AstraZeneca AB and AstraZeneca Pharmaceuticals LP*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BRIANNE DRESSEN,<br><br>     Plaintiff,<br><br>v.<br><br>ASTRAZENECA AB; ASTRAZENECA PHARMACEUTICALS LP; and VELOCITY CLINICAL RESEARCH, INC.,<br><br>     Defendants. | **ASTRAZENECA DEFENDANTS' MOTION TO STAY PENDING APPEAL**<br><br>Case No. 2:24-cv-00337-RJS-CMR<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Cecilia M. Romero |

Defendants AstraZeneca AB and AstraZeneca Pharmaceuticals LP (collectively, "**AstraZeneca**"), by and through undersigned counsel, hereby file their *Motion to Stay Pending Appeal* (the "**Stay Motion**").

## SPECIFIC RELIEF SOUGHT AND GROUNDS THEREFOR

AstraZeneca seeks a case-management order that confirms all trial proceedings in the case are stayed, suspends all deadlines, and postpones scheduling of a Rule 16 conference pending the resolution of AstraZeneca's appeal of this Court's November 4, 2024 Memorandum Decision and Order ("**Order**"), which denied AstraZeneca's motion to dismiss Plaintiff's claims based on AstraZeneca's immunity from suit under the Public Readiness and Emergency Preparedness Act ("**PREP Act**"), 42 U.S.C. §§ 247d-6d *et seq*. On November 12, 2024, AstraZeneca filed a Notice of Appeal of the Order. The filing of the notice of appeal divested the Court of jurisdiction over this action because the entire case is implicated by the issue of AstraZeneca's immunity. To the extent any questions about the Court's current jurisdiction remain, the Court should exercise its discretion to grant a stay in the interest of judicial economy and efficiency for the parties.

## RELEVANT FACTS

Plaintiff alleges that she was injured by AstraZeneca's COVID-19 vaccine, which she received in a clinical trial in November 2020. *See* Compl. (Dkt. 1) ¶¶ 11–18, 27–31, 70–92. According to the Complaint, the trial's Informed Consent Form has express and implied provisions that AstraZeneca breached through its handling of Plaintiff's requests for compensation for her alleged injuries. *See, e.g.*, *id.* at ¶¶ 181–83, 187–88. On June 28, 2024, AstraZeneca moved to dismiss Plaintiff's claims as barred by the PREP Act, which provides that manufacturers of vaccines developed to respond to pandemics "shall be immune from suit and liability with respect

to all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure." 42 U.S.C. § 247d-6d(a)(1); *see* Mot. to Dismiss (Dkt. 24).

On November 4, 2024, the Court issued its Order denying AstraZeneca's motion to dismiss, concluding as a matter of law that "the text of the PREP Act exempts contractual violations from its scope of immunity." Order (Dkt. 49) at 6. On November 12, 2024, AstraZeneca filed a Notice of Appeal of the Court's Order to the U.S. Court of Appeals for the Tenth Circuit. *See* Notice of Appeal (Dkt. 53).

## ARGUMENT

**I.     ASTRAZENECA'S APPEAL OF THE DENIAL OF PREP ACT IMMUNITY AUTOMATICALLY DIVESTS THIS COURT OF JURISDICTION.**

The Court should issue an order staying all trial proceedings and deadlines because AstraZeneca's appeal has divested the Court of jurisdiction over Plaintiff's claims. "An appeal, including an interlocutory appeal, 'divests the district court of its control over those aspects of the case involved in the appeal.'" *Coinbase v. Bielski*, 599 U.S. 736, 740 (2023) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)); *see also, e.g.*, *Kellogg v. Watts Guerra LLP*, 41 F.4th 1246, 1259 (10th Cir. 2022) ("[w]hen a matter is appealable" on an interlocutory basis, "the district court loses jurisdiction absent a certification of frivolousness").[1] "[T]he filing

---

[1] The Order is appealable under 28 U.S.C. § 1291 and the collateral order doctrine. *See Mohamed v. Jones*, 100 F.4th 1214, 1218 (10th Cir. 2024) (citing *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949)) (describing collateral order doctrine); *Aspen Orthopaedics & Sports Med., LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 837 (10th Cir. 2003) (holding that under collateral order doctrine, courts of appeal "have subject matter jurisdiction to hear appeals of orders denying motions to dismiss where the motions are based on immunity from suit" (cleaned up)); *see also Goins v. Saint Elizabeth Med. Ctr., Inc.*, No. 22-6070, 2024 WL 229568, at *4 (6th Cir. Jan. 22, 2024) (unpublished) (finding jurisdiction under collateral order doctrine for appeal of an order "denying the PREP Act immunity defense"); *Maney v. Brown*, 91 F.4th 1296, 1299 (9th Cir. 2024)

of a notice of appeal" effectuates the divestment. *United States v. Battles*, 745 F.3d 436, 448 (10th Cir. 2014) (quoting *Griggs*, 459 U.S. at 58); *see also Johnson v. Heath*, No. 2:17-cv-00416, 2020 WL 5659105, at *1 (D. Utah. Sept. 23, 2020) (unpublished) (same).

When the order challenged in an interlocutory appeal "relates to the entire action," meaning that "a reversal by an appellate court would mean that no further action could be taken against the defendant," the appeal "divest[s] the district court of jurisdiction to proceed to the merits." *Pueblo of Pojoaque v. New Mexico*, 863 F.3d 1226, 1231–32 (10th Cir. 2017) (citing *Stewart v. Donges*, 915 F.2d 572, 574, 576 (10th Cir. 1990)). The reason for the rule is that moving forward in the district court would "result[] in a denial or impairment of the appellant's ability to obtain its legal entitlement to avoidance of litigation." *McCauley v. Halliburton Energy Servs., Inc.*, 413 F.3d 1158, 1162 (10th Cir. 2005) (citing *Stewart*, 915 F.2d at 576); *see also, e.g.*, *Goshtasby v. Bd. of Trs. of. Univ. of Ill.*, 123 F.3d 427, 428 (7th Cir. 1997) (granting stay pending appeal of denial of Eleventh Amendment immunity and explaining "if the defendant is correct that it has immunity, its right to be free of litigation is compromised, and lost to a degree, if the district court proceeds while the appeal is pending"). On that basis, the Tenth Circuit has held that an interlocutory appeal challenging denial of a qualified immunity motion "relates to the entire action and, therefore, it divests the district court of jurisdiction to proceed with *any part of the action.*" *Morris v. Noe*, 672 F.3d 1185, 1193 n.2 (10th Cir. 2012) (emphasis added) (quoting *Stewart*, 915 F.2d at 576).

---

("We have jurisdiction over Defendants' immediate appeal of the district court's denial of PREP Act immunity … under the collateral order doctrine"); *Hampton v. California*, 83 F.4th 754, 762 (9th Cir. 2023) ("A denial of PREP Act immunity … satisfies the collateral order doctrine's requirements.").

That rationale squarely applies to orders denying PREP Act immunity. If the PREP Act applies to Plaintiff's claims, the statute directs that AstraZeneca "shall be immune from *suit*." 42 U.S.C. § 247d-6d(a)(1) (emphasis added). Such "immunity from suit" is "'effectively lost if a case is erroneously permitted to go to trial.'" *Gen. Steel Domestic Sales, L.L.C. v. Chumley*, 840 F.3d 1178, 1181 (10th Cir. 2016) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)); *see also Mitchell*, 472 U.S. at 526 (distinguishing "*immunity from suit*" from "a mere defense to liability"). Congress has expressly conferred on AstraZeneca a "legal entitlement to avoidance of litigation," which would be irreparably "denied" if proceedings before this Court continue while AstraZeneca appeals. *McCauley*, 413 F.3d at 1162.

Because AstraZeneca "has appealed this [C]ourt's denial of … immunity, 'whether the litigation may go forward in the district court is precisely what the court of appeals must decide.'" *United States v. Trump*, 706 F. Supp. 3d 91, 93 (D.D.C. 2023) (quoting *Coinbase*, 599 U.S. at 741). Accordingly, AstraZeneca's appeal "automatically stays any further proceedings that would move th[e] case towards trial or impose additional burdens of litigation." *Id*. The Court should enter an order confirming that all proceedings in this action are stayed pending resolution of AstraZeneca's immunity appeal. *See Maney v. Brown*, No. 6:20-cv-570 (D. Or. Apr. 12, 2022), Dkt. 379, Order (granting motion to stay district court proceedings pending appeal of order denying PREP Act immunity).

II.  **EVEN IF THE COURT WERE NOT DIVESTED OF JURISDICTION, THE COURT SHOULD GRANT A STAY UNTIL THE APPEAL IS RESOLVED.**

Even if AstraZeneca's appeal did not divest the Court of jurisdiction over Plaintiff's claims, the Court should exercise its discretion to stay the proceedings because a stay furthers judicial economy and properly balances the parties' interests.

"[I]t is well settled that [a] district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants." *Baca v. Berry*, 806 F.3d 1262, 1269-70 (10th Cir. 2015) (cleaned up). "[T]he Tenth Circuit has not articulated a specific legal standard governing motions to stay discovery," but "district courts within the Tenth Circuit routinely grant motions to stay discovery upon consideration of the following five factors: '(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.'" *In re Church of Jesus Christ of Latter-Day Saints Tithing Litig.*, No. 2:24-md-03102, 2024 WL 4349160, at *2 & n.23 (D. Utah. Sept. 30, 2024) (unpublished) (quoting *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 05-cv-01934, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006)).

These "guiding principles" weigh strongly in favor of a stay here. *Id.* (quoting *In re Broiler Chicken Grower Litig.*, No. 6:17-cv-00033, 2017 WL 3841912, at *3 (E.D. Okla. Sept. 1, 2017)). *First*, any prejudice to Plaintiff is minimal. Plaintiff's claims are exclusively for financial compensation, but "a delay in the recovery of monetary damages, without more, is not prejudice." *Wells v. Smith*, No. 12-cv-00447, 2014 WL 6886719, at *3 (D. Colo. Dec. 8, 2014) (unpublished)); *see also Lexos Media IP, LLC v. Overstock.com, Inc.*, No. 2:22-CV-02324, 2023 WL 5625436, at *3 (D. Kan. Aug. 31, 2023) (unpublished) ("Mere delay in the litigation … does not establish undue prejudice"). In addition, Plaintiff's "lack of urgency in filing [her] Complaint further indicates that [Plaintiff] will not suffer undue prejudice from a stay." *Putco, Inc. v. Carjamz Com Inc.*, No. 20-CV-50109, 2021 WL 4926499, at *2 (N.D. Ill. Mar. 2, 2021) (unpublished). Plaintiff

began this case in May 2024, more than three years after she allegedly requested and was denied compensation by AstraZeneca for her injuries. *See* Compl. ¶¶ 7–12, 64–70, 107–08. Waiting for resolution of AstraZeneca's appeal of a threshold legal issue will not unduly harm Plaintiff's interests.

*Second*, the burden on AstraZeneca without a stay will be substantial and irreparable. As noted, the "immunity from suit" that Congress conferred on AstraZeneca is "'effectively lost if a case is erroneously permitted to go to trial.'" *Gen. Steel Domestic Sales*, 840 F.3d at 1181 (quoting *Mitchell*, 472 U.S. at 526); *see also McCauley*, 413 F.3d at 1162 ("failure to grant a stay" pending an immunity-from-suit appeal "results in a denial or impairment of the appellant's ability to obtain its legal entitlement to avoidance of litigation"). Because "[a] successful claim" of immunity allows a defendant "to avoid the burdens of discovery and litigation, as well as liability," (*Gallegos v. City and Cnty. of Denver*, 984 F.2d 358, 361 (10th Cir. 1993)), "the Supreme Court has counseled against proceeding with discovery until the immunity questions are resolved," (*Joritz v. Univ. of Kansas*, No. 17-4002-SAC, 2019 WL 2207951, at *1 (D. Kan. May 22, 2019) (unpublished) (citing *Siegert v. Gilley*, 500 U.S. 226, 232–33 (1991); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982))). Moreover, the Supreme Court "repeatedly ha[s] stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam). Granting a stay now while the Tenth Circuit resolves the PREP Act immunity issue would adhere to the Supreme Court's guidance and avoid burdensome discovery that may later prove unnecessary. *See In re Church*, 2024 WL 4349160, at *3 (noting "[d]iscovery is rarely easy," especially in litigation involving "complex issues" and multinational parties).

*Third*, the convenience to the Court of granting a stay is self-evident. It is "eminently logical" to temporarily pause proceedings and avoid unnecessarily "committing judicial resources." *Id.* (quoting *Fuller v. Salt Lake City*, 2023 WL 3589063, at *2 (D. Utah May 22, 2023)). Absent a stay, the Court would risk the possibility of expending significant time and effort on this case, only for the Tenth Circuit to reverse and remand for dismissal. The Supreme Court has described the "waste [of] scarce judicial resources … on a dispute that will ultimately" be found barred as "the 'worst possible outcome' for parties and the courts." *Coinbase*, 599 U.S. at 743 (quoting *Bradford-Scott Data Corp., Inc. v. Phys. Computer Network, Inc.*, 128 F.3d 504, 506 (7th Cir. 1997)). Staying proceedings in this case now will further the interest of judicial economy and avoid potentially needless litigation.

*Fourth*, "[AstraZeneca] is aware of no non-parties who would be negatively affected by a [] stay." *In re Church*, 2024 WL 4349160, at *4. *Fifth*, "the general public's primary interest in this case is an efficient and just resolution. Avoiding [potentially] wasteful efforts by the court and the litigants serves that purpose." *Id.* (quoting *Adamson v. Volkswagen Grp. of Am. Inc.*, No. 22-cv-00740, 2022 WL 4767573, at *4 (D. Colo. Oct. 3, 2022) (unpublished) (alteration in original)). The public interest also "favors judicial economy," which would be promoted by granting a stay. *Gould v. Wyse*, No. 19-cv-00382, 2023 WL 171781, at *4 (D.N.M. Jan. 12, 2023) (unpublished); *see also, e.g.*, *Pembroke v. JPMorgan Chase Bank, N.A.*, No. 1:16-cv-03194, 2018 WL 3382920, at *1 (D. Colo. Mar. 23, 2018) (unpublished) ("[I]t is in the public's interest … to promote judicial economy, conserve private resources, and protect parties from unnecessary … litigation"). And it is especially "sensible to determine whether Plaintiff's case will be *precluded* … before putting the parties through the process and expense of discovery" or any other further steps in the case.

*Kennedy v. Finley*, No. 11-CV-00967, 2011 WL 2473069, at *1 (D. Colo. June 22, 2011) (unpublished) (emphasis added). All five factors thus point in favor of a stay.

## CONCLUSION

For the reasons set forth above, AstraZeneca respectfully requests that this Court issue an order staying all proceedings until AstraZeneca's pending appeal is resolved.

DATED this 15th day of November 2024.

        **RAY QUINNEY & NEBEKER P.C.**

        */s/ Matthew M. Cannon*
        Kamie F. Brown
        Matthew M. Cannon
        Aaron C. Hinton

        Arthur E. Brown (*pro hac vice*)
        Alexander Cousins (*pro hac vice*)
        Samuel I. Ferenc (*pro hac vice*)
        **ARNOLD & PORTER KAYE SCHOLER LLP**

        *Attorneys for AstraZeneca AB and AstraZeneca Pharmaceuticals LP*