IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BRIANNE DRESSEN,<br><br>Plaintiff,<br><br>v.<br><br>ASTRAZENECA AB, a SWEDEN corporation; ASTRAZENECA PHARMACEUTICALS LP, a Delaware Limited Partnership,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING ASTRAZENECA'S MOTION TO STAY**<br><br>Case No. 2:24-cv-00337-RJS-CMR<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Cecilia M. Romero |

Now before the court is Defendant AstraZeneca AB and Defendant AstraZeneca Pharmaceuticals LP's (together, AstraZeneca) Motion to Stay Pending Appeal.[1] The court GRANTS AstraZeneca's Motion for the reasons stated below.

## BACKGROUND

Plaintiff Brianne Dressen received AstraZeneca's experimental COVID vaccine as part of a clinical trial in Salt Lake County on November 4, 2020.[2] Before receiving the inoculation, Dressen signed an informed consent form (ICF) that outlined her rights and responsibilities as a trial participant and disclosed possible side effects of the vaccine.[3] Dressen filed suit against AstraZeneca on May 13, 2024, alleging claims for breach of contract and breach of the duty of good faith and fair dealing based on AstraZeneca's failure to perform its duties under the ICF.[4] AstraZeneca subsequently moved to dismiss Dressen's claims, arguing the PREP Act immunized

---

[1] Dkt. 56, *Astrazeneca Defendants' Motion to Stay Pending Appeal* (*Motion to Stay*).

[2] *Complaint* ¶¶ 7, 10.

[3] *Id.* ¶¶ 8–9; Dkt. 1-1, *Informed Consent Form* (*ICF*).

[4] *Complaint*.

it from Dressen's suit.[5] On November 4, 2024, this court denied the motion and ruled the PREP Act does not immunize AstraZeneca from breach of contract actions.[6]

AstraZeneca filed a Notice of Appeal on November 12, 2024,[7] and subsequently filed the present Motion to Stay Pending Appeal.[8] The Motion is ripe for review.[9]

## LEGAL STANDARD

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."[10] "[A]bsent a certification of frivolousness,"[11] "[a]n appeal, including an interlocutory appeal, 'divests the district court of its control over those aspects of the case involved in the appeal.'"[12] When an interlocutory appeal challenges an order that "relates to the entire action," meaning "a reversal by an appellate court would mean that no further action could be taken against the defendant," the appeal "divest[s] the district court of jurisdiction to proceed to the merits."[13]

Typically, only final judgments are immediately appealable, but the collateral order doctrine offers one exception.[14] "For a district court order to fall within the narrow confines of

---

[5] Dkt. 24, *AstraZeneca Defendants' Motion to Dismiss Plaintiff's Complaint*.

[6] Dkt. 49, *Memorandum Decision and Order Denying AstraZeneca's Motion to Dismiss* (*Order*).

[7] Dkt. 53, *Defendants' Notice of Appeal*.

[8] *Motion to Stay*.

[9] *Motion to Stay*; Dkt. 60, *Plaintiff's Opposition to AstraZeneca Defendants' Motion to Stay Pending Appeal*; Dkt. 61, *AstraZeneca Defendants' Reply in Support of Motion to Stay Pending Appeal*.

[10] *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).

[11] *Kellogg v. Watts Guerra LLP*, 41 F.4th 1246, 1259 (10th Cir. 2022).

[12] *Coinbase v. Bielski*, 599 U.S. 736, 740 (2023) (quoting *Griggs*, 459 U.S. at 58).

[13] *Pueblo of Pojoaque v. New Mexico*, 863 F.3d 1226, 1231–32 (10th Cir. 2017) (citing *Stewart v. Donges*, 915 F.2d 572, 574, 576 (10th Cir. 1990)).

[14] *Flanagan v. United States*, 465 U.S. 259, 263–65 (1984).

the collateral order doctrine, it must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment."[15]  The appealing party bears the burden to show all three elements are satisfied.[16]

## ANALYSIS

This court's Order denying AstraZeneca's Motion to Dismiss falls within the collateral order doctrine.  Accordingly, this court cannot proceed to the merits of Dressen's case and must enter a stay pending the appeal because reversal of the Order would prevent Dressen from taking any further action against AstraZeneca.

### 1. The Collateral Order Doctrine Applies and Divests This Court from Jurisdiction to Proceed to the Merits.

First, this court's Order conclusively determined the PREP Act does not immunize Dressen's claim for breach of contract because her legal injury was not caused by a covered countermeasure as required by the plain text of the PREP Act.[17]  Plaintiffs do not appear to contest whether this question was conclusively determined.  Accordingly, AstraZeneca satisfies this element of the collateral order doctrine.

Second, AstraZeneca satisfies the next element because the merits of Dressen's suit are completely separate from the PREP Act question.  By resolving whether PREP Act immunity applies to Dressen's claim, this court took no position nor resolved any question about the merits of Dressen's claim.

---

[15] *United States v. Bolden*, 353 F.3d 870, 874 (10th Cir. 2003) (citation, alterations, and quotation marks omitted).

[16] *McIntyre* v. *Active Energies Solar, LLC*, 857 F. App'x 976, 979 (10th Cir. 2021) (citation omitted).

[17] *Order*.

Dressen argues courts typically find "separability" in cases involving qualified immunity, absolute immunity, and Eleventh Amendment immunity and "AstraZeneca cannot meet the separability requirement . . . because there is no substantial public interest in peril."[18] However, Dressen fails to explain why public policy concerns play a role in the separability analysis. That qualified, absolute, and Eleventh Amendment immunities may each implicate distinct public policy concerns has no bearing on whether PREP Act immunity is separable from the merits of Dressen's claim.

Indeed, qualified, absolute, and Eleventh Amendment immunities are separable from merits-related issues for the same reasons that the question of PREP Act immunity is separable from the merits of Dressen's suit. For example, in qualified immunity cases, whether immunity applies has no bearing on whether the elements of a particular claim are satisfied. Rather, the immunity question only implicates whether a particular defendant may be sued at all. The same is true here.[19] Beyond highlighting distinct public policy rationales behind other types of immunity, Dressen does not explain how the merits of her suit are somehow entangled with the question of PREP Act immunity. Accordingly, AstraZeneca satisfies this element of the collateral order doctrine.

Dressen's argument that this case should proceed despite this court's resolution of the PREP Act question because it would not imperil any substantial public interest is more apt under

---

[18] *Opposition* at 3–4.

[19] *Hampton v. California*, 83 F.4th 754, 762. (9th Cir. 2023) (quoting *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 145 (1993) ("Whether PREP Act immunity applies turns on whether the claim for which immunity is asserted relates to the defendant's use of certain medical countermeasures, a determination that 'generally will have no bearing on the merits of the underlying action.'").

the third "effectively unreviewable" prong of the collateral order doctrine.[20] If there were no public policy justification to protect AstraZeneca from suit, then it's possible AstraZeneca could still have an appellate court "effectively review" any issues related to its alleged protection against Dressen's claims after final judgment. But there is a substantial public interest in allowing covered entities "legal entitlement to avoidance of litigation,"[21] and Dressen's contention otherwise does not make it so.

Indeed, Congress codified this substantial public interest into law by passing the PREP Act, which expressly grants covered entities immunity *from suit*.[22] And "[t]here is little room to gainsay the importance of the public policy embodied in constitutional or statutory provisions entitling a party to immunity from suit . . . ."[23] It is well established such immunity is "'effectively lost if a case is erroneously permitted to go to trial.'"[24] In other words, if this court erred in denying PREP Act immunity to AstraZeneca, forcing AstraZeneca to continue defending against Dressen's claims would render the immunity issue effectively unreviewable upon final judgment because AstraZeneca's privilege of immunity from suit would have already been destroyed. Accordingly, AstraZeneca satisfies the third element of the collateral order doctrine.

Finally, Dressen contends no binding authority indicates this court's Order denying AstraZeneca PREP Act immunity falls within the collateral order doctrine.[25] While technically

---

[20] *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 864 (1994) ("whether a right is 'adequately vindicable' or 'effectively reviewable,' simply cannot be answered without a judgment about the value of the interests that would be lost through rigorous application of a final judgment requirement.").

[21] *McCauley v. Halliburton Energy Servs., Inc.*, 413 F.3d 1158, 1162 (10th Cir. 2005).

[22] 42 U.S.C. § 247d-6d(a)(1).

[23] *Digital Equip.*, 511 U.S. at 864.

[24] *Gen. Steel Domestic Sales, L.L.C. v. Chumley*, 840 F.3d 1178, 1181 (10th Cir. 2016) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

[25] *Opposition* at 4–5.

true, Dressen ignores that both federal appellate courts that have considered this exact question determined the collateral order doctrine applies to orders denying PREP Act immunity.[26] Although the Ninth and Sixth Circuits are not binding on this court, the court finds their reasoning sound,[27] and Dressen points to no alternative authority arriving at a different conclusion.

Because "a reversal by an appellate court would mean that no further action could be taken against [AstraZeneca],"[28] this court lacks jurisdiction to "proceed to the merits"[29] and therefore GRANTS AstraZeneca's Motion to Stay Pending Appeal.

## CONCLUSION

For the foregoing reasons, AstraZeneca's Motion is GRANTED.[30]

SO ORDERED this 21st day of January 2025.

BY THE COURT:

_____
ROBERT J. SHELBY
Chief United States District Judge

---

[26] *See Goins v. Saint Elizabeth Med. Ctr.*, No. 22- 6070, 2024 WL 229568, at *4–5 (6th Cir. Jan. 22, 2024) (unpublished); *Hampton*, 83 F.4th at 762.

[27] *Goins*, 2024 WL 229568, at *4–5 (likening PREP Act immunity to qualified immunity because the statute confers immunity from suit and therefore denials of PREP Act immunity are appealable as a collateral order); *Hampton*, 83 F.4th at 762 (finding the collateral order doctrine applies because the PREP Act grants immunity from suit).

[28] *Pueblo of Pojoaque*, 863 F.3d at 1231–32 (citation omitted).

[29] *Id*.

[30] Dkt. 56.